**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LUDIN D.B.P.,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD M. LYONS, Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, Acting Director, St. Paul Field Office, Immigration and Customs Enforcement; TODD BLANCHE, Acting U.S. Attorney General, Department of Justice; JOEL BROTT, Sheriff, Sherburne County, Minnesota; WARDEN, ERO Sherburne County Detention Facility, Elk River, Minnesota,

Respondents.

Case No. 26-CV-2557 (NEB/SGE)

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

---

Petitioner Ludin D.B.P. is currently in the custody of Immigration and Customs Enforcement under 8 U.S.C. § 1225(b)(2) pending the outcome of his ongoing removal proceedings. He petitions for a writ of habeas corpus seeking release from custody or a bond hearing. (ECF No. 1 ("Pet.").) In a Report and Recommendation ("R&R") dated July 24, 2026, United States Magistrate Judge Shannon G. Elkins recommends that this Court grant in part and deny in part Ludin D.B.P.'s petition and order a bond hearing. (ECF No. 10.) Respondents object (ECF No. 12), and Petitioner objects in part (ECF No. 13). Because the Court agrees that the Due Process Clause of the Fifth Amendment entitles Ludin D.B.P. to a bond hearing, the Court accepts the R&R and orders Respondents to provide Ludin D.B.P. a bond hearing before August 25, 2026.

## BACKGROUND

Petitioner Ludin D.B.P. is a citizen of Guatemala and entered the United States in 2020 as an Unaccompanied Alien Child. (Pet. ¶¶ 1, 17.) Shortly after his entry, immigration officials detained Ludin D.B.P., placed him in removal proceedings, and released him. (*Id.* ¶ 1.) Ludin D.B.P. resides in Melrose, Minnesota, with his daughter, who is a United States Citizen. (*Id.* ¶ 17.) Ludin D.B.P. has a pending asylum application, and the government approved his request for employment authorization in 2023. (*Id.* ¶ 6; Lee Decl. Ex. B at 3.)

On May 4, 2026, Ludin D.B.P. was arrested on suspicion of driving while intoxicated. (Pet. ¶ 2.) Upon release from county jail, Respondents' agents took Ludin D.B.P. into custody. *Id.* He is currently detained in Sherburne County Jail. Ludin D.B.P. has not been charged with any offense relating to his arrest, and his criminal record consists of two traffic tickets. (*Id.* ¶ 2, 17.)

As in many other habeas corpus proceedings in this District, Ludin D.B.P. seeks release from custody or a bond hearing. He argues that this detention without an individualized custody determination violates the Fifth Amendment's Due Process Clause and the Immigration and Nationality Act.

Judge Elkins issued an R&R recommending that the Court grant Ludin D.B.P.'s petition in part and order a bond hearing because his detention without any process violates the Due Process Clause. (ECF No. 10). Respondents object (ECF No. 12).

## ANALYSIS

### I. Due Process

The Court reviews objections to the R&R *de novo*. The Court has already concluded that petitioners similarly situated to Ludin D.B.P. have an important liberty interest—freedom from physical restraint—that is protected by the Due Process Clause.[1] *Felipe S.P. v. Blanche*, No. 26-CV-2212 (NEB/DJF), 2026 WL 1911656, at *2 (D. Minn. July 2, 2026). Detention is a "constitutionally permissible" part of removal proceedings. *Demore v. Kim*, 538 U.S. 510, 531 (2003). But when detention implicates a protected liberty interest, it must serve a constitutionally acceptable purpose. *See Dep't of State v. Muñoz*, 602 U.S. 899, 910 (2024). Ensuring appearance at future immigration proceedings and limiting threats to public safety are interests that can justify detaining noncitizens like Ludin D.B.P. *Felipe S.P.*, 2026 WL 1911656, at *4. As in *Felipe S.P.*, the Court assesses Ludin D.B.P.'s due process claim using the balancing framework from *Mathews v. Eldridge*, 424 U.S. 319 (1976). 2026 WL 1911656, at *7. This framework weighs: (1) the private interest affected by government action; (2) the risk of erroneous deprivation of that interest based on the current procedures, and the probable value of additional or other procedural safeguards; and (3) the government's interest, "including the function involved and the fiscal and administrative burdens" of additional process. *Mathews*, 424 U.S. at 335.

---

[1] In their objection to the R&R, Respondents argue that there is no need for this Court to analyze whether Due Process applies because of prior Supreme Court and Eighth Circuit holdings in *Demore* and *Banyee*. (ECF No. 12 at 1–3.) But this Court has already concluded that precedent does not foreclose these constitutional challenges to detention. *Felipe S.P.*, 2026 WL 1911656, at *4–6 (distinguishing *Demore v. Kim*, 538 U.S. 510 (2003); *Banyee v. Garland*, 115 F.4th 928 (8th Cir. 2024); and *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020)); *see also Avila v. Bondi*, 170 F.4th 1128, 1140 n.8 (8th Cir. 2026) (Erickson, J., dissenting) (noting that *Avila* does not foreclose due process claims).

***Private interest.*** Ludin D.B.P.'s interest in being free from detention is fundamental and essential to his liberty. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Over the course of his six years living in the United States, Ludin D.B.P. has maintained gainful employment and raised a daughter who is a United States citizen. (Pet. ¶ 17.) These roots strengthen his private interest. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020) (stating that noncitizens "who have established connections in this country have due process rights in deportation proceedings"); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 271 (1990) (explaining that noncitizens "receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country").. The first *Mathews* factor weighs strongly in Ludin D.B.P.'s favor.

***Risk of erroneous deprivation.*** Ludin D.B.P.'s detention must be reasonably related to its intended purpose. *Zadvydas*, 533 U.S. at 690 (reiterating that detention must bear a reasonable relation to its purpose). Thus, detaining Ludin D.B.P. without an individualized bond hearing assessing his flight and security risks poses a danger of a mistaken or unjustified deprivation of liberty. *E.g.*, *Rodriguez v. Frink*, 823 F. Supp. 3d 678, 689–90 (S.D. Tex. 2026); *Bonilla Chicas v. Warden*, 821 F. Supp. 3d 782, 798 (S.D. Tex. 2026); *Chavero v. Bondi*, 818 F. Supp. 3d 836, 844–45 (W.D. Tex. 2025). But Section 1225(b)(2) does not provide Ludin D.B.P. any procedure to challenge whether his detention serves those purposes; conversely, the probable value of a bond hearing assessing these facts is substantial. Other than two traffic tickets, Ludin D.B.P. does not appear to have a criminal history. And there is no indication that he has been criminally charged for the DWI incident that led to his detention. Moreover, Respondents make no argument that Ludin D.B.P.'s criminal history creates a security or flight risk. *Restrepo v. Jamison*, 823 F. Supp. 3d 529, 543 (E.D. Pa. 2026) ("Where, as here, the Government has not alleged circumstances that would indicate that [petitioner] poses a danger to the community or

is a flight risk, the risk of an erroneous deprivation is higher."). The second *Mathews* factor weighs in favor of Ludin D.B.P.

***Government interest & burden.*** The government has a strong interest and discretion in enforcing immigration law. *Muñoz*, 602 U.S. at 911–12; *Reno v. Flores*, 507 U.S. 292, 305 (1993) ("Over no conceivable subject is the legislative power of Congress more complete." (citation modified)). Accordingly, the Court weighs "heavily" that "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature." *Landon v. Plasencia*, 459 U.S. 21, 34 (1982). Even so, Respondents have not shown that providing a bond hearing is a burden that outweighs Ludin D.B.P.'s private interest and the risk of erroneous deprivation; it is not obvious that a bond hearing is particularly burdensome. *Abdirashid H.M. v. Noem*, No. 25-CV-4779 (JRT/EMB), 2026 WL 127698, at *5 (D. Minn. Jan. 9, 2026) ("[A] bond hearing would impose minimal, if any, financial or administrative burden on Respondents."). Any burden that a bond hearing may impose does not outweigh Ludin D.B.P.'s strong private interest. *Id.*

Although Respondents' interest here is great, providing Ludin D.B.P. a bond hearing imposes a minimal burden. And Ludin D.B.P.'s private interest and the risk of erroneous deprivation of that liberty interest are significant. On balance, the *Mathews* factors weigh in favor of Ludin D.B.P., and his continued detention without an individualized assessment violates the Due Process Clause of the Fifth Amendment.

## II. Remedy

As to the appropriate remedy, Ludin D.B.P. requests that the Court order his immediate release, rather than a bond hearing before an immigration judge. ("IJ"). (ECF No. 13 at 1–2.) Ludin D.B.P.'s concern is that he "will not receive the benefit of a

constitutionally sufficient bond hearing pursuant to *Avila* and government policy direction." (*Id.* at 1.) But other courts in this District routinely order bond hearings in similar circumstances, and IJs routinely conduct individualized assessments at those hearings. *See, e.g.*, *Felipe S.P. v. Blanche*, No. 26-CV-2212 (NEB/DJF) (D. Minn. July 7, 2026), ECF No. 20 (letter from Respondents stating that petitioner was released on bond); *Roberto M.C. v. Mullin*, No. 26-CV-2554 (MJD/SGE) (D. Minn. June 26, 2026), ECF No. 22 (same).

The Court therefore orders that Respondents provide Ludin D.B.P. with constitutionally adequate process in the form of a bond hearing before an IJ. *Felipe S.P.*, 2026 WL 1911656, at *10; see also *Walter A.G.P. v. Mullin*, No. 26-CV-2891 (JWB/JFD), 2026 WL 2150525, at *4 (D. Minn. July 27, 2026) ("Under the existing statutory and regulatory framework, a prompt individualized custody hearing before an [IJ] is the appropriate means of providing that process."). Should Respondents fail to provide Ludin D.B.P. with constitutionally adequate process—that is, an individualized assessment of the justification for his detention—he will be entitled to immediate release.

In reaching this conclusion, the Court does not predict the outcome of Ludin D.B.P.'s bond hearing. It does not decide whether Ludin D.B.P. is or is not a flight risk or whether he does or does not pose a danger to the community. The Court does not concern itself with the answers to those questions. But the Constitution requires that Respondents give Ludin D.B.P. a process by which to contest those determinations. Without it, his detention violates the Fifth Amendment.

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Judge Elkin's Report and Recommendation (ECF No. 10) is ACCEPTED;

2. Petitioner Ludin D.B.P.'s Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED IN PART and DENIED IN PART;

    a. The Petition is GRANTED with respect to Petitioner's procedural due process claim, insofar as Petitioner requests a bond hearing as a remedy;

    b. The Petition is DENIED in all other respects;

3. Respondents are ORDERED to provide Ludin D.B.P. with a constitutionally adequate bond hearing no later than August 25, 2026;

4. Respondents are further ORDERED that, should the bond hearing result in Ludin D.B.P.'s release, they must release him from custody:

    a. Inside the State of Minnesota;

    b. At a safe time and place communicated in advance to counsel; and

    c. With all Ludin D.B.P.'s personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys;

5. If Ludin D.B.P. does not receive a constitutionally adequate bond hearing before August 25, 2026, Respondents are ORDERED to immediately release Ludin D.B.P. from custody subject to the same conditions described in No. 3, above; and

6. The remainder of Ludin D.B.P.'s Petition is DENIED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: August 19, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge